MICHAEL F. MALOY, Respondent, *v.* THE ASSOCIATED LACE MAKERS' ASSOCIATION *et al.*, Appellants.

*Supreme Court, Second Department, General Term, February* 10, 1890.

1. *Partnership. Real estate.*—Where one partner takes the title to land, purchased with moneys borrowed and subsequently repaid by the firm, in the name of a third person, who transfers it to a corporation, owned and controlled by the said partner, without the consent of his copartner, an action may be maintained by the latter to set aside the conveyance.
2. *Former adjudication. Pendency.*—A pending action for an accounting will not bar an action to reach such real estate.

Appeal from order denying plaintiff's motion for an extra allowance.

Action to set aside as fraudulent a deed of real estate made by one Winslow and wife to the Associated Lace Makers' Company. The complaint alleges that plaintiff and defendant, Duden, had been partners in business; that the premises in question were bought with partnership funds, the title of which was taken in Winslow's name, who was to hold it as trustee for the firm; that the firm had dissolved; that the corporation had never been legally incorporated, but was really only another name for the defendant, Duden, and that the conveyance was part of a scheme to defraud plaintiff. The plaintiff recovered. No proof was given of his interest in the premises.

*James M. Lyddy*, for appellant.

*Henry Y. Stillman*, for respondent.

PRATT, J.—Although the title to the real estate may, in a certain sense, have been involved in the action, the real

controversy concerned only the plaintiff's interest therein. Nothing appears in the case that enables the court to know the value of such interest. Probably no one can tell the amount until the close of the partnership accounting.

On that state of facts the trial judge could not determine what amount was in controversy, and consequently had no basis upon which to fix an allowance.

The litigation was difficult, and it is to be regretted that its weight must be principally borne by the successful party.

We see no way to any different result on the papers before us.

The order must be affirmed, but without costs.

BARNARD P. J., concurs; DYKMAN, J., not sitting.